IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ADRIANNA B. REYES<br>    Plaintiff | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____ |
| MAVERICK NURSING AND<br>REHABILITATION CENTER, INC.<br>    Defendant | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes ADRIANNA B. REYES, hereinafter referred to as "Plaintiff," complaining of MAVERICK NURSING AND REHABILITATION CENTER, INC., hereinafter referred to as "MAVERICK NURSING" and/or "Defendant". For cause of action, Plaintiff would respectfully show unto the Court the following:

## I.
## PARTIES

1.  Plaintiff is an individual who resides in Eagle Pass, Maverick County, Texas.

2.  Defendant MAVERICK NURSING AND REHABILITATION CENTER, INC. is an ongoing business organized pursuant to the laws of the State of Texas and may be served with process by delivering both a copy of the citation and original petition to Defendant's registered agent: Heber Lacerda at 101 West Goodwin, Suite 1108, Victoria, Texas 77901.

## II.
## JURISDICION

3. This Court has jurisdiction over this action pursuant to 28 USC §1331 (federal question and diversity). Venue is proper in the United States District Court for the Western District of Texas, Del Rio Division, pursuant to 28 USC §1391. Plaintiff's claims arose in whole or in part in the Western District of Texas.

4. Plaintiff brings this cause of action under the provisions of the Equal Pay Act of 1963, 29 USC § 206(d).

## III.
## MISNOMER/MISIDENTIFICATION

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTUAL BACKGROUND

6. Adrianna B. Reyes, a female, was formerly an employee of MAVERICK NURSING in Maverick County, Texas. Ms. Reyes had been employed with Maverick Nursing since 2015 as an Admissions Coordinator. During the time she worked for MAVERICK NURSING, Ms. Reyes was a good worker and was not reprimanded for her work or lack of enthusiasm for the position. In fact, in September 2015, she was promoted to Admission Director, and promised a salary increase equivalent to her male predecessor.

7.      Despite having the same position and responsibilities as her male predecessor, Ms. Reyes never received the salary increase she was promised equivalent to her male predecessor.  Ms. Reyes wholeheartedly believed, at all times during her employment with MAVERICK NURSING, that she was going to receive the salary increase she was repeatedly promised over and over throughout the course of her employment.  Ms. Reyes raised the disparate treatment numerous times with her superiors.

8.      Finally, on July 27, 2017, Ms. Reyes received a Retention Bonus Agreement, wherein MAVERICK NURSING agreed to pay Ms. Reyes part of what she was promised, but not what was originally agreed to.  After complaining numerous times, Ms. Reyes was eventually retaliated against when MAVERICK NURSING created a hostile work environment.  It was not until August 3, 2017 that Ms. Reyes came to the realization that she was never going to be compensated what she was promised, in addition to MAVERICK NURSING creating a hostile work environment, and she was constructively terminated.

## VI.
## WRONGFUL DISCHARGE AND RETALIATION
## UNDER STATE AND FEDERAL LAW

9.      The acts committed by the agents, servants and/or employees of Defendant in discriminating and discharging Plaintiff constitute violations of Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.001, *et seq*.  Defendant discriminated against Plaintiff on the basis of her gender (female) a protected class under Title VII and the Texas Commission on Human Rights. The purpose of these Acts is to secure to those within this state freedom from discrimination in employment.  The acts committed by the agents, servants and/or

employees of Defendant MAVERICK NURSING in discriminating and retaliating against Plaintiff constitute violations of Title VII and Tex. Labor Code §21.051, et seq., including 21.051, 21055, and 21.056.  Based on these actions, Plaintiff brings her claims against Defendant.

10. Plaintiff further brings her claim pursuant to Section 21.055 of the Texas Labor Code, in that after Defendant was notified by Plaintiff of offending actions, Defendant not only failed to investigate or take any action to prevent the offensive actions but instead terminated her for complaining of the offensive actions.

## VIII.
## VIOLATION OF EQUAL PAY ACT

11. Ms. Reyes was hired to take the position of Admissions Director that was previously filled by a male.  The male Admissions Director that she replaced was making a higher salary than Ms. Reyes, a female, was hired for, and at all times during Ms. Reyes' employment with MAVERICK NURSING, Ms. Reyes was paid less than the male Admissions Director.  At all times during that employment Ms. Reyes and her male counterpart performed the same work, in the same department.  Ms. Reyes was discriminated against by being paid a lower salary than her male counterpart for a job involving equal work, skill, effort, and responsibility, solely on the basis of sex.  This practice is in violation of the Equal Pay provisions of the Fair Labor Standards Act, 29 USC § 206(d).

12. Defendant's violation of the Equal Pay provisions of the Fair Labor Standards Act, as set forth above, was a malicious and willful violation in that Defendant knew, or should have known, of the provisions pertaining to equal pay contained in the Fair Labor Standards Act but continued to pay a male employee performing the same work as

Plaintiff under similar working conditions at a higher rate than Plaintiff, even after Plaintiff complained of such discrimination.

## IX
## ACTUAL DAMAGES

13. As a direct and proximate cause of the acts of the agents, servants and/or employees of the Defendant as plead herein, the Plaintiff is entitled to recover reasonable damages, which include at least the following:

   1) Mental anguish, suffering and emotional distress suffered in the past;

   2) Mental anguish, suffering and emotional distress which in reasonable probability will be suffered in the future;

   3) Lost wages, past and future (including the unpaid differential due under 29 USC § 206(d), an amount equal to wages and benefits lost)

   4) Pecuniary losses, past and future;

   5) Punitive damages;

   6) Reasonable attorneys' fees, experts fees and costs; and

   7) Liquidated damages for Defendant's malicious and willful violation of the statute.

14. Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable under the circumstances.

## X.
## JURY DEMAND

15. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury and hereby tenders the jury fee.

## XI.
## CONCLUSION

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendant, for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief to which Plaintiff may show herself justly entitled under Texas and Federal law.

Respectfully submitted,

**NEVAREZ LAW GROUP, P.C.**

_____
ALFONSO NEVAREZ C.
State Bar No. 24005376
780 E. Rio Grande St.
Eagle Pass, Texas 78852
(830) 776-7003
(830) 776-7004 (fax)

**ATTORNEY FOR PLAINTIFF**